**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CEOLA HATCHETT f/k/a | ) |
| CEOLA HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, CEOLA HATCHETT f/k/a CEOLA HORTON, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her Complaint against Defendant, BANK OF AMERICA CORPORATION, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for Defendant's violations of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq., for actual damages, reasonable attorney's fees and statutory damages for Defendant's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and for all available damages as a result of Defendant having engaged in common law fraud.

### II. JURISDICTION & VENUE

2.    Jurisdiction arises under the TCPA pursuant to 28 U.S.C. §1367(a).

3.    Jurisdiction for Plaintiff's common law fraud claims and for Plaintiff's claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, arises pursuant to 28 U.S.C. §1367(a).

1

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

5.      CEOLA HATCHETT f/k/a CEOLA HORTON, (hereinafter, "Plaintiff") was at all times relevant an individual who was at all relevant times residing in the City of Hazel Crest, County of Cook, State of Illinois.

6.      Defendant, BANK OF AMERICA CORPORATION, (hereinafter, "Defendant") is a business entity that is authorized to and conducts business in the State of Illinois. Defendant is incorporated in the State of Delaware.

7.      In or around 2006, Plaintiff allegedly obtained a loan from Countrywide Home Loans, Inc., the funds of which were used to obtain a mortgage for Plaintiff's residential home.

8.      At all relevant times, the aforesaid residential home was located in the City of Hazel Crest, County of Cook, State of Illinois.

9.      Upon information and belief, in or prior to 2008, Defendant purchased, acquired and/or otherwise obtained the loan Plaintiff allegedly incurred with Countrywide Home Loans, Inc.

10.     At all times relevant, Plaintiff allegedly owed a debt to Defendant relative to the aforesaid loan.

11.     At all times relevant, Defendant engaged in the business of attempting to collect a debt Plaintiff allegedly owed relative to the aforesaid loan.

### IV.    ALLEGATIONS

12.     Plaintiff reasserts and reincorporates by reference all of the preceding paragraphs in this Complaint as though fully set forth herein.

13.     In 2008, Plaintiff applied to Defendant for a loan modification agreement so that her monthly payments to Defendant relative to the loan she had allegedly incurred could be decreased.

14.     On or about August 29, 2009, Defendant sent Plaintiff a correspondence relative to the loan Plaintiff allegedly owed to Defendant.

15.     In the aforesaid correspondence, Defendant informed Plaintiff that it had approved Plaintiff's request for a loan modification.

16.     Defendant then informed Plaintiff of the new terms of the loan it was willing to provide to Plaintiff.

17.     Defendant informed Plaintiff that her new modified monthly payment would be in the amount of $929.89 per month.

18.     Defendant informed Plaintiff that the first monthly payment in the amount of $929.89 would be due on or before November 1, 2009.

19.     Defendant further informed Plaintiff that her interest rate would be lowered to 3.5% from 7.750%.

20.     Defendant further informed Plaintiff that the aforesaid interest rate of 3.5% would remain in effect for five (5) years.

21.     Defendant further informed Plaintiff that the aforesaid interest rate of 3.5% would take effect on October 1, 2009 through September 30, 2014.

22.     Defendant informed Plaintiff that her monthly payment of $929.89 would consist of $315.80 per month for escrow and $614.09 per month for principal and interest.

23.     In the aforesaid correspondence, Defendant further informed Plaintiff that in order for her to accept the loan modification, Plaintiff would have to sign and return to Defendant the documentation Defendant sent to Plaintiff with the aforesaid correspondence.

24.     In the aforesaid correspondence, Defendant further informed Plaintiff that in order for her to accept the loan modification, Plaintiff would have to sign the documentation in the presence of a notary and return to Defendant the documentation Defendant sent to Plaintiff with the aforesaid correspondence.

25.     In the aforesaid correspondence, Defendant further told Plaintiff that in order for her to accept the loan modification, Plaintiff had to return the signed and notarized documentation to Defendant by September 29, 2009.

26.     After receiving the aforesaid correspondence, Plaintiff elected to accept the terms of the modified loan agreement proposed by Defendant, as delineated above.

27.     On September 4, 2009, Plaintiff, pursuant to Defendant's requirements, signed the aforesaid documentation.

28.     On September 4, 2009, Plaintiff further, pursuant to Defendant's requirements, signed the aforesaid documentation in the presence of a notary.

29.     On September 4, 2009, Plaintiff further, pursuant to Defendant's requirements, had the aforesaid documentation signed by a notary.

30.     Plaintiff then, pursuant to Defendant's requirements, returned the signed and notarized documentation to Defendant.

31.     Plaintiff returned the aforesaid documentation to Defendant prior to September 29, 2009.

32.     Defendant received the aforesaid documentation Plaintiff had returned to Defendant.

33.     Defendant received the aforesaid documentation prior to September 29, 2009.

34.     The aforesaid documentation Defendant received from Plaintiff was properly signed and notarized as required by Defendant.

35.     Prior to or at the time Plaintiff properly executed the modified loan agreement, Defendant made a number of representations to Plaintiff which misled and induced her to enter into the modified loan agreement.  These representations included:

   a.     That the previous terms of the loan agreement between the parties would no longer be controlling;

   b.     That Plaintiff would have to pay Defendant in accordance with the terms of the new loan modification agreement entered into between the parties;

   c.     That Plaintiff's new modified payment to Defendant would require Plaintiff to pay Defendant $929.89 per month;

   d.     That Plaintiff's first monthly payment in the amount of $929.89 would be due on or before November 1, 2009;

   e.     That Plaintiff's interest rate on the loan would no longer be 7.750%;

   f.     That Plaintiff's new interest rate on the loan would be 3.5%;

   g.     That Plaintiff's new interest rate on the loan would take effect on October 1, 2009 and that it would remain in effect until September 30, 2014; and,

   h.     That Plaintiff's monthly payment of $929.89 would consist of $315.80 per month for escrow and $614.09 per month for principal and interest.

36.     The above representations were false.

5

37.     Defendant omitted, suppressed, and concealed the following material facts from the Plaintiff, with the intent that Plaintiff rely on the omission, suppression and concealment:

a.      That Defendant would not honor the terms of the modified loan agreement;

b.      That if Plaintiff made payments to Defendant in the amount of $929.89 Defendant would claim that she was in default relative to the loan with Defendant;

c.      That if Plaintiff made payments to Defendant in the amount of $929.89, Plaintiff would still owe additional funds to Defendant;

d.      That despite entering into a modified loan agreement, the previous terms of the loan agreement between the parties would still be controlling; and,

e.      That Defendant would not enter into its system, files and/or account for Plaintiff that she had entered into a loan modification agreement with Defendant.

38.     Had Plaintiff been aware of the true nature and terms of the modified loan agreement she was entering into with Defendant, or that Defendant's representations as set forth above were untrue, she would not have entered into the modified loan agreement with Defendant.

39.     Plaintiff exercised all due diligence and reasonably relied on Defendant's representations when she submitted the executed modified loan agreement to Defendant.

40.     On or prior to September 29, 2009, Defendant received the modified loan agreement signed by Plaintiff.

41.     Subsequent to Defendant's receipt of the aforesaid agreement, the modified terms of Plaintiff's loan with Defendant should have immediately gone into effect such that Plaintiff

was required only to pay Defendant $929.89 per month relative to the loan she allegedly owed to Defendant, with her first payment due on November 1, 2009.

42.     From November 1, 2009 through August 13, 2010, Plaintiff timely made monthly payments to Defendant in the amount of $929.89, pursuant to the terms of the modified payment plan entered into between the parties.

43.     During the course of the aforesaid time period, Plaintiff never received notification from Defendant stating that her modified loan agreement was not accepted.

44.     During the course of the aforesaid time period, Plaintiff never received documentation from Defendant stating that her monthly loan payments made to Defendant were in an amount that was incorrect.

45.     During the course of the aforesaid time period, Plaintiff never received documentation from Defendant stating that she was in default relative to the loan she owed to Defendant.

46.     During the course of the aforesaid time period, due to Plaintiff having made payments to Defendant and due to Plaintiff having never received documentation from Defendant to suggest her monthly payments were insuffient, Plaintiff reasonably believed that the terms of the modified payment plan that she had entered into with Defendant remained in effect.

47.     On or about August 16, 2010, Defendant sent Plaintiff a correspondence wherein Defendant stated that it was reviewing Plaintiff's loan for a possible modification and in the meantime Plaintiff was to continue making her monthly payments.

48.     Defendant's representation in the aforesaid correspondence had the effect of conveying that Plaintiff and Defendant had not yet entered into a loan modification agreement.

7

49.     Defendant's representation in the aforesaid correspondence was false, deceptive and/or misleading given that the parties had entered into a loan modification agreement on or about to September 29, 2009.

50.     Upon information and belief, at the time Defendant sent the aforesaid correspondence to Plaintiff, Defendant was in possession of the loan modification agreement documents evidencing that the parties had previously entered into a loan modification agreement.

51.     At the time that the aforementioned misrepresentations were made to Plaintiff, i.e., that Defendant was reviewing Plaintiff's loan to determine if she could enter into a loan modification, Defendant was aware that the representations as to the status of Plaintiff's loan were false, or acted with reckless disregard to the veracity of the representations, and exercised reckless indifference to the rights of Plaintiff by ignoring information already in its possession and by failing to investigate the accuracy of its statements.

52.     On or about September 29, 2010, Defendant sent Plaintiff a correspondence.

53.     In the aforesaid correspondence, Defendant stated Plaintiff's next payment which was due on October 1, 2010, was due in the amount of $1,322.23.

54.     Defendant's representation that Plaintiff's next payment was due in the amount of $1,322.23 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff's payment was due in the amount of $929.89.

55.     In the aforesaid correspondence, Defendant also stated Plaintiff owed a past due amount of $7,543.58.

56.     Defendant's representation that Plaintiff owed a past due amount of  $7,543.58 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant in the aforesaid amount.

8

57.     On or about October 28, 2010, Defendant sent Plaintiff a correspondence.

58.     In the aforesaid correspondence, Defendant stated Plaintiff's next payment which was due on November 1, 2010, was due in the amount of $1,322.23.

59.     Defendant's representation that Plaintiff's next payment was due in the amount of $1,322.23 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff's payment was due in the amount of $929.89.

60.     In the aforesaid correspondence, Defendant also stated Plaintiff owed a past due amount of $8,865.81.

61.     In the aforesaid correspondence, Defendant further stated "[a]s of the date of this notice, our records reflect that your loan is past due for multiple payments."

62.     Defendant's representation that Plaintiff had multiple payments that were past due was false given that that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant as she had been timely making payments in accordance with the modified payment plan.

63.     Defendant's representation that Plaintiff owed a past due amount of  $8,865.81 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant in the aforesaid amount.

64.     On or about November 29, 2010, Defendant sent Plaintiff a correspondence.

65.     In the aforesaid correspondence, Defendant stated Plaintiff's next payment which was due on December 1, 2010, was due in the amount of $1,322.23.

66.     Defendant's representation that Plaintiff's next payment was due in the amount of $1,322.23 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff's payment was due in the amount of $929.89.

9

67.     In the aforesaid correspondence, Defendant also stated Plaintiff owed a past due amount of $10,188.04.

68.     In the aforesaid correspondence, Defendant further stated "[a]s of the date of this notice, our records reflect that your loan is past due for multiple payments."

69.     Defendant's representation that Plaintiff had multiple payments that were past due was false given that that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant as she had been timely making payments in accordance with the modified payment plan.

70.     Defendant's representation that Plaintiff owed a past due amount of  $10,188.04 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant in the aforesaid amount.

71.     On or about February 25, 2011, Defendant sent Plaintiff a correspondence.

72.     In the aforesaid correspondence, Defendant stated Plaintiff's next payment which was due on March 1, 2010, was due in the amount of $1,322.23.

73.     Defendant's representation that Plaintiff's next payment was due in the amount of $1,322.23 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff's payment was due in the amount of $929.89.

74.     In the aforesaid correspondence, Defendant also stated Plaintiff owed a past due amount of $14,154.73.

75.     In the aforesaid correspondence, Defendant further stated "[a]s of the date of this notice, our records reflect that your loan is past due for multiple payments."

76.     Defendant's representation that Plaintiff had multiple payments that were past due was false given that that pursuant to the terms of the modified payment plan entered into between

10

the parties, Plaintiff did not owe a balance to Defendant as she had been timely making payments in accordance with the modified payment plan.

77.     Defendant's representation that Plaintiff owed a past due amount of  $14,154.73 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant in the aforesaid amount.

78.     On or about March 30, 2011, Defendant sent Plaintiff a correspondence.

79.     In the aforesaid correspondence, Defendant stated Plaintiff's next payment which was due on April 1, 2011, was due in the amount of $1,322.23.

80.     Defendant's representation that Plaintiff's next payment was due in the amount of $1,322.23 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff's was due in the amount of $929.89.

81.     In the aforesaid correspondence, Defendant also stated Plaintiff owed a past due amount of $15,476.96.

82.     In the aforesaid correspondence, Defendant further stated "[a]s of the date of this notice, our records reflect that your loan is past due for multiple payments."

83.     Defendant's representation that Plaintiff had multiple payments that were past due was false given that that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant as she had been timely making payments in accordance with the modified payment plan.

84.     Defendant's representation that Plaintiff owed a past due amount of  $15,476.96 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant in the aforesaid amount.

85.     On or about April 28, 2011, Defendant sent Plaintiff a correspondence.

11

86.     In the aforesaid correspondence, Defendant stated Plaintiff's next payment which was due on May 1, 2011, was due in the amount of $1,322.23.

87.     Defendant's representation that Plaintiff's next payment was due in the amount of $1,322.23 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff's payment was due in the amount of $929.89.

88.     In the aforesaid correspondence, Defendant also stated Plaintiff owed a past due amount of $16,799.19.

89.     In the aforesaid correspondence, Defendant further stated "[a]s of the date of this notice, our records reflect that your loan is past due for multiple payments."

90.     Defendant's representation that Plaintiff had multiple payments that were past due was false given that that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant as she had been timely making payments in accordance with the modified payment plan.

91.     Defendant's representation that Plaintiff owed a past due amount of  $16,799.19 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant in the aforesaid amount.

92.     On or about May 10, 2011, Defendant sent Plaintiff a correspondence.

93.     In the aforesaid correspondence, Defendant stated Plaintiff's next payment which was due on June 1, 2011, was due in the amount of $1,244.27.

94.     Defendant's representation that Plaintiff's next payment was due in the amount of $1,244.27 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff's payment was due in the amount of $929.89.

95. In the aforesaid correspondence, Defendant also stated Plaintiff owed a past due amount of $16,175.51.

96. In the aforesaid correspondence, Defendant further stated "[a]s of the date of this notice, our records reflect that your loan is past due for multiple payments."

97. Defendant's representation that Plaintiff had multiple payments that were past due was false given that that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant as she had been timely making payments in accordance with the modified payment plan.

98. Defendant's representation that Plaintiff owed a past due amount of $16,175.51was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant in the aforesaid amount.

99. On or about June 29, 2011, Defendant sent Plaintiff a correspondence.

100. In the aforesaid correspondence, Defendant stated Plaintiff's next payment which was due on July 1, 2011, was due in the amount of $1,313.10.

101. Defendant's representation that Plaintiff's next payment was due in the amount of $1,313.10 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff's payment was due in the amount of $929.89.

102. In the aforesaid correspondence, Defendant also stated Plaintiff owed a past due amount of $18,664.05.

103. In the aforesaid correspondence, Defendant further stated "[a]s of the date of this notice, our records reflect that your loan is past due for multiple payments."

104. Defendant's representation that Plaintiff had multiple payments that were past due was false given that that pursuant to the terms of the modified payment plan entered into between

13

the parties, Plaintiff did not owe a balance to Defendant as she had been timely making payments in accordance with the modified payment plan.

105.    Defendant's representation that Plaintiff owed a past due amount of $18,664.05 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant in the aforesaid amount.

106.    On or about July 20, 2011, Defendant sent Plaintiff a correspondence.

107.    In the aforesaid correspondence, Defendant stated Plaintiff's next payment which was due on August 1, 2011, was due in the amount of $1,244.27.

108.    Defendant's representation that Plaintiff's next payment was due in the amount of $1,244.27 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff's payment was due in the amount of $929.89.

109.    In the aforesaid correspondence, Defendant also stated Plaintiff owed a past due amount of $19,908.32.

110.    In the aforesaid correspondence, Defendant further stated "[a]s of the date of this notice, our records reflect that your loan is past due for multiple payments."

111.    Defendant's representation that Plaintiff had multiple payments that were past due was false given that that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant as she had been timely making payments in accordance with the modified payment plan.

112.    Defendant's representation that Plaintiff owed a past due amount of $19,908.32 was false given that pursuant to the terms of the modified payment plan entered into between the parties, Plaintiff did not owe a balance to Defendant in the aforesaid amount.

113.    In or around February 2011 through in or around December 2011, and on multiple occasions there, Defendant initiated telephone calls to Plaintiff in an attempt to collect the debt Plaintiff allegedly owed Defendant relative to the loan Plaintiff had allegedly incurred.

114.    During the course of the aforesaid time period, Defendant initiated the aforesaid telephone calls to Plaintiff's cellular telephone number.

115.    During the course of the aforesaid time period, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in a single day.

116.    During the course of the aforesaid time period, and on multiple occasions therein, Plaintiff engaged in telephone conversations with Defendant wherein Defendant informed Plaintiff that she was late on making payments to Defendant relative to the loan she owed to Defendant.

117.    On multiple occasions, during the course of the aforesaid telephone calls, Defendant informed Plaintiff that her debt was in default in an amount in excess of $19,908.32.

118.    On multiple occasions, during the course of the aforesaid telephone calls, Plaintiff informed that she was unable to pay Defendant the amount of the default that it was claiming she owed.

119.    During the course of the aforesaid time period, on multiple occasions, Plaintiff informed Defendant that she had been timely making payments to Defendant in accordance with the modified loan agreement entered into between the parties.

120.    During the course of the aforesaid time period, on multiple occasions, Plaintiff informed Defendant that she had been paying $929.89 per month to Defendant in accordance with the modified loan agreement entered into between the parties.

121.    During the course of the aforesaid time period, despite Plaintiff having informed Defendant on the aforementioned facts, on multiple occasions Defendant continued to inform Plaintiff that she was in default.

122.    During the course of the aforesaid time period, and on multiple occasions there, Plaintiff asked Defendant to cease contacting her.

123.    Despite Plaintiff's multiple requests that Defendant cease contacting her and despite Plaintiff having informed Defendant that she was making payments in accordance with the modified loan agreement, during the aforesaid time period, Defendant continued to initiate multiple telephone calls to Plaintiff in a further attempt to collect the amount of the debt Plaintiff allegedly owed.

124.    During the course of the aforesaid time period, on the following dates, Defendant initiated telephone calls to Plaintiff's cellular telephone in a further attempt to collect the debt upon which she had allegedly defaulted with Defendant:

a.      On or about October 4, 2011, Defendant initiated four (4) telephone calls to Plaintiff's cellular telephone number in a single day;

b.      On or about October 11, 2011, Defendant initiated at least one (1) telephone call to Plaintiff in a single day;

c.      On or about October 17, 2011, Defendant initiated three (3) telephone calls to Plaintiff's cellular telephone number in a single day;

d.      On or about October 18, 2011, Defendant initiated at least one (1) telephone call to Plaintiff in a single day;

e.      On or about October 19, 2011, Defendant initiated at least one (1) telephone call to Plaintiff in a single day;

  f.  On or about October 21, 2011, Defendant initiated at least one (1) telephone call to Plaintiff in a single day; and,

  g.  On or about October 22, 2011, Defendant initiated at least one (1) telephone call to Plaintiff in a single day.

125. On or about October 27, 2011, Plaintiff engaged in a telephone call with a duly authorized representative of Defendant.

126. During the course of the aforesaid telephone call, Plaintiff asked Defendant why it was claiming she owed more than $929.89 per month when the parties had entered into a modified loan agreement whereby Plaintiff was to make payments to Defendant in the amount of $929.89.

127. During the course of the aforesaid telephone call, Defendant's duly authorized representative informed Plaintiff that her loan modification was approved in 2009.

128. Defendant further informed Plaintiff that it had received Plaintiff's signed and notarized loan modification agreement on September 10, 2009.

129. During the course of the aforesaid telephone call, Defendant acknowledged to Plaintiff that she had entered into a loan modification agreement with Defendant.

130. Defendant then informed Plaintiff that it had failed to update its system to reflect that Defendant had received Plaintiff's signed and notarized loan modification agreement.

131. Subsequent to Plaintiff's telephone conversation with Defendant, as delineated above, Defendant continued to initiate telephone calls to Plaintiff's cellular telephone in a further attempt to collect the debt upon which she had allegedly defaulted with Defendant.

132.    During the course of the aforesaid time period, on the following dates, Defendant initiated telephone calls to Plaintiff's cellular telephone in a further attempt to collect the debt upon which she had allegedly defaulted with Defendant:

a.      On or about October 27, 2011, Defendant initiated at least one (1) telephone call to Plaintiff in a single day;

b.      On or about November 3, 2011, Defendant initiated at least one (1) telephone call to Plaintiff in a single day;

c.      On or about November 4, 2011, Defendant initiated at least one (1) telephone call to Plaintiff in a single day;

d.      On or about November 7, 2011, Defendant initiated at least one (1) telephone call to Plaintiff in a single day;

e.      On or about November 14, 2011, Defendant initiated four (4) telephone calls to Plaintiff's cellular telephone number in a single day;

f.      On or about November 22, 2011, Defendant initiated at least one (1) telephone call to Plaintiff in a single day;

g.      On or about November 28, 2011, Defendant initiated at least one (1) telephone call to Plaintiff in a single day;

h.      On or about December 5, 2011, Defendant initiated at least one (1) telephone call to Plaintiff in a single day; and,

i.      On or about December 6, 2011, Defendant initiated at least one (1) telephone call to Plaintiff in a single day.

133.     The repetitive calls made by Defendant to Plaintiff, from in or around February 2011 through in or around December 2011, were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

134.     The repetitive calls made by Defendant to Plaintiff, from in or around February 2011 through in or around December 2011, caused Plaintiff to experience anxiety and considerable distress.

135.     As delineated above, Defendant misrepresented to Plaintiff that the terms of the modified loan agreement entered into between Plaintiff and Defendant would be honored.

136.     Plaintiff, reasonably relied on Defendant's representations that the parties had entered into a modified loan agreement and Plaintiff, in accordance with the putative agreement entered into between the parties, made payments to Defendant in accordance with agreement.

137.     As delineated above, despite Plaintiff having timely made payments to Defendant, in accordance with the modified payment agreement, Defendant continued to represent to Plaintiff that she was not making timely payments to Defendant.

138.     As delineated above, despite Plaintiff having timely made payments to Defendant, in accordance with the modified payment agreement, Defendant continued to represent to Plaintiff that she was in default relative to the loan she owed to Defendant.

139.     To date, Defendant has not informed Plaintiff that she was properly making payments in accordance with the modified terms of the payment plan.

140.     Plaintiff suffered actual damages in reliance on Defendant's misrepresentations including, but not limited to:

      a.     Entering into a loan modification agreement with Defendant which failed to conform to the basis of the bargain between the parties;

b.     Making payments to Defendant in accordance with the loan modification agreement entered into the parties when such payments were not properly credited to Plaintiff's account thus causing Plaintiff to, upon information and belief, incur additional costs relative to interest, late fees and/or administrative charges on the loan;

c.     Making payments to Defendant in accordance with the loan modification agreement entered into the parties when such payments were not properly credited to Plaintiff's account thus causing Plaintiff's loan to putatively be in default; and,

d.     Severe aggravation and inconvenience.

141.    Defendant's actions were done maliciously and in willful, wanton, and reckless disregard for the rights of Plaintiff, thereby warranting punitive damages.

142.    Upon information and belief, on or about December 17, 2010, the loan Plaintiff allegedly owed to Defendant was transferred to a third-party, The Bank of New York Mellon, N.A.

143.    On or about November 11, 2011, a Complaint to Foreclose on Plaintiff's Mortgage was filed against Plaintiff in the Circuit Court of Cook County, State of Illinois, with case number 11 CH 39503, captioned as *The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-23 et. al. v. Ceola Horton; Village of Hazel Crest; Unknown Heirs and Legatees of Ceola Horton, if any; Unknown Owners and Non Record Claimants*.

144.    The aforesaid Complaint filed against Plaintiff is in relation to the loan on which Defendant was attempting to collect from Plaintiff.

**COUNT I:**
**VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND**
**DECEPTIVE BUSINESS PRACTICES ACT**

145.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

146.     Defendant's actions as detailed above constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, et. seq.

147.     Plaintiff's act of allegedly obtaining a loan from Defendant the funds of which were used towards Plaintiff's residential mortgage is akin to all consumers' actions and thus concerns all consumers.

148.     Defendant's conduct in misrepresenting and/or omitting the true nature of Plaintiff's loan modification with Plaintiff, as delineated above, involves consumer protection concerns as Defendant holds itself out to be a place of business where consumers can obtain loans to purchase residential homes and/or other consumer products.

149.     The requested relief is in the best interest of all consumers, as if the requested relief is granted, Defendant will be discouraged from engaging in conduct similar to that alleged in the present Complaint.

150.     Defendant's actions as detailed above constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2S.

WHEREFORE, Plaintiff requests that the court:

  a. Enter judgment against Defendant for all actual, punitive and other damages to which Plaintiff is entitled;

  b. Award attorneys' fees, litigation expenses and costs; and,

  c. Grant other relief deemed just and appropriate.

## COUNT II:
## COMMON LAW FRAUD

151.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

152.     Defendant intentionally or recklessly misled Plaintiff as detailed above.

153.     Defendant knew the representations it made to Plaintiff regarding the status of her home loan modification were false or misleading as, upon information and belief, Defendant was in possession of the agreement signed by Plaintiff providing her with a modification relative to her residential loan.

154.     Defendant intended for Plaintiff to rely on its representations in order to induce Plaintiff to engage in loan modification with Defendant

155.     Defendant intended for Plaintiff to rely on its representations in order to induce Plaintiff to continuing to make payments to Defendant relative to the loan she allegedly obtained with Defendant.

156.     Plaintiff justifiably relied on the false misrepresentations made by salesman and/or Defendant.

157.     Plaintiff would not have made payments to Defendant in accordance with the modified loan agreement had she known that the modified loan agreement would not be honored by Defendant.

158.     Plaintiff would not have obtained a loan from Defendant to be used towards her residential mortgage had she known that Defendant would not allow Plaintiff to make payments to Defendant in accordance with the plan she had entered into with Defendant.

159.    Defendant perpetrated the aforementioned acts or practices willfully, recklessly, maliciously, and with the intent to injure and defraud the Plaintiff.

160.    Plaintiff exercised all due diligence and reasonably relied on Defendant's representations.

WHEREFORE, Plaintiff requests that the court:

a.    Enter judgment against Defendant for all actual, punitive and other damages to which Plaintiff is entitled;

b.    Enter an order rescinding the transaction;

c.    Award attorneys' fees, litigation expenses and costs; and,

d.    Grant other relief deemed just and appropriate.

## COUNT III:
## VIOLATION OF THE TCPA

161.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

162.    Defendant made and/or placed telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

163.    Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant

164.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, by and through her attorneys, respectfully prays for judgment as follows:

a.   All actual compensatory damages suffered;

b.   Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

c.   Statutory damages of $1,500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

d.   Plaintiff's attorneys' fees and costs; and,

e.   Any other relief deemed appropriate by this Honorable Court.

## V.   JURY DEMAND

165.   Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**CEOLA HATCHETT f/k/a
CEOLA HORTON**

By:   __s/ David M. Marco__
Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us